**COFFEY & KAYE**
BY:  JOSEPH A. COFFEY, JR., ESQUIRE
IDENTIFICATION NO. 14107
Suite 718, Two Bala Plaza
Bala Cynwyd, PA  19004
(610) 668-9800                                                    **Attorneys For: Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL W. BROWN, | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | |
| CSX TRANSPORTATION, INC. | : | **JURY TRIAL DEMANDED** |
| Defendant | : | NO. |

**C O M P L A I N T**

1. The plaintiff herein is Michael W. Brown, a citizen and resident of the State of Florida, residing therein at 5164 Oakside Drive, Jacksonville.

2. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal Safety Appliances Act," Title 49, U.S.C.A., §§20301, et seq., and "The Federal Boiler Inspection Act," Title 49 U.S.C.A., §§20702, et seq.

3. The defendant is a corporation duly organized and existing under and by virtue of the laws of the state of Maryland, and at all times material hereto did and regularly does business in

the Eastern District of Pennsylvania.

4.  At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5.  At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6.  At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7.  At all times material hereto, plaintiff was employed by defendant CSX Transportation, Inc.

8.  All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9.  As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the

future, all to his great detriment and loss.

10. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11. On or about July 13, 2001, at or about 2:30 a.m., and for sometime prior thereto plaintiff was employed by defendant CSX Transportation, Inc. On that date, in the performance of his duties, plaintiff was seated at a desk in the CSX facility on Southpoint Drive, Jacksonville, Florida. On the aforementioned date, and at the aforementioned time, as a result of the negligence of the defendant individually and/or his agents, servants, workmen and/or employees, including but not limited to defective roller castors on a chair, one of the castors on the chair on which he was sitting broke causing plaintiff to fall to the floor and further causing him to sustain the serious, painful and permanent personal injuries more particularly hereinafter set forth.

12. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act," "The Federal Safety Appliances Act" and "The Federal Boiler Inspection Act," and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

13. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injury to his back; lumbar sprain and strain with L4-L5 and L5-S1 radiculopathy; injury to left knee; posterior horn of the medial meniscus; spurring and effusion in the left suprapatella bursa; aggravation of a prior injury to the knee. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries are not presently known.

WHEREFORE, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

        COFFEY & KAYE


BY:_____
    JOSEPH A. COFFEY, JR.
    Counsel for Plaintiff